Lawrence B. Hunt, OSB No. 75187
lbh@huntpc.com
Kevin J. Tillson, OSB No. 034774
tillson@huntpc.com
HUNT & ASSOCIATES, PC
101 SW Main Street, Suite 805
Portland, OR  97204
(503) 226-1162
(503) 223-5442 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **RUSSELL B. NELSON, JR.,** | |
| **Plaintiff,** | Case No. 3:14-cv-419 |
| v. | **COMPLAINT** |
| **OCWEN LOAN SERVICING, LLC,** a Delaware limited liability company; **EQUIFAX INFORMATION SERVICES, LLC,** a Georgia limited liability company; **EXPERIAN INFORMATION SOLUTIONS, INC.,** an Ohio corporation; and, **TRANS UNION, LLC,** a Delaware limited liability company; | Claims to recover damages for violations of 15 USC §1681s-2(b) and 15 USC §1681e(b) and (i) |
| | **DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

PRELIMINARY STATEMENT

1.

This action for damages is brought to redress violations of plaintiff's federal statutory rights as defined in 15 USC §1681 *et seq.*, the Fair Credit Reporting Act.

///

///

///

**JURISDICTION AND VENUE**

2.

This court has jurisdiction of the federal statutory claims pursuant to 15 USC §1681p.

3.

Venue is within the District of Oregon pursuant to 28 USC §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district and the defendants are properly subject to the court's personal jurisdiction.

**PARTIES**

4.

Plaintiff Russell Nelson (hereinafter "Plaintiff") is a resident and citizen of the State of Oregon and at all times material herein was and is a "consumer" as defined in 15 USC §1681a(c).

5.

At all times material herein the defendant Ocwen Loan Servicing, LLC (hereinafter "Ocwen") was and is a Delaware limited liability company authorized to do business in Oregon and doing business as a furnisher of consumer credit information to consumer reporting agencies for purposes of 15 USC §1681s-2(b)(1)

6.

At all times material herein the defendant Equifax Information Services LLC (hereinafter "Equifax") was and is a Georgia limited liability company authorized to do business in Oregon and doing business as a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 USC §1681(a)(p).

///

///

7.

At all times material herein the defendant Experian Information Solutions, Inc. (hereinafter "Experian") was and is an Ohio corporation authorized to do business in Oregon and doing business as a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 USC §1681(a)(p).

8.

At all times material herein the defendant Trans Union, LLC (hereinafter "TransUnion") was and is a Delaware corporation authorized to do business in Oregon and doing business as a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined in 15 USC §1681(a)(p).

**FACTS COMMON TO ALL CLAIMS**

9.

Plaintiff realleges and restates the allegations of paragraphs 1 – 8 above.

10.

On or about May 23, 2008 plaintiff obtained a loan from Countrywide Bank, FSB in the principal amount of $230,400.00 subject to the terms of plaintiff's Promissory Note including a "Prepayment Penalty Addendum" which was secured by a recorded Deed of Trust plaintiff granted to Bank of America in real property located in Multnomah County, Oregon.  A copy of the Promissory Note is attached and incorporated as Exhibit 1 to this Complaint.  A copy of the Prepayment Penalty Addendum is attached and incorporated as Exhibit 2 to this Complaint.

11.

The provisions of Section 5 of Plaintiff's Promissory Note which would have granted plaintiff the right to prepay principal owing on the loan at any time without penalty were

3 - COMPLAINT

explicitly amended by the provisions of the Prepayment Penalty Addendum which provided that

plaintiff would have to pay a penalty under certain circumstances for prepayments of more than

20 percent of the original principal amount of the Note made during the first 60 months after

execution of the Note.  However, The Prepayment Penalty Addendum stated that the Lender,

Countrywide Bank, would waive the prepayment penalty entirely if plaintiff were to:

> ". . . notify and furnish satisfactory documentation to the Note
>
> Holder that  . . . [plaintiff was] making a full Prepayment due to
>
> sale of the Property to an unrelated third party, . . . ."

12.

At all times material herein on or about and following June 26, 2012 the defendant

Ocwen was the successor in interest to Countrywide Bank FSB as holder of plaintiff's

Promissory Note and beneficiary of plaintiff's Trust Deed hereinabove described.

13.

On or about April 8, 2013 plaintiff sold the real property which secured plaintiff's

repayment of the Promissory Note described above to an unrelated third party.  Before closing

that sale plaintiff gave written notice of that intended sale and documentation that the purchaser

was "an unrelated third party" to Ocwen such that Ocwen was obligated to waive the prepayment

penalty entirely pursuant to the terms of the Prepayment Penalty Addendum to plaintiff's

promissory note.

14.

On or about April 8, 2013 after plaintiff provided Ocwen with the written notice and

documentation showing that his sale of the Property was to an unrelated third party, Ocwen told

plaintiff that Ocwen waived any right to a prepayment penalty from plaintiff in accordance with

the terms of the Prepayment Penalty Addendum.

15.

On or about April 8, 2013 plaintiff's sale of the Property closed and plaintiff authorized the disbursement of $217,491.76 to Ocwen by wire transfer in accordance with the Seller's Final Settlement Statement a copy of which is attached and incorporated as Exhibit 3.

16.

Beginning on or about and following April 9, 2013 Ocwen claimed that plaintiff had failed to pay all amounts due and owing pursuant to his Promissory Note because plaintiff had failed to pay the prepayment penalty due pursuant to that Note despite the explicit language of the Prepayment Penalty Addendum and plaintiff's earlier written notice to Ocwen that he would be making prepayment of his Promissory Note with proceeds from sale of the Property to an unrelated third party.

17.

On April 15, 2013 Ocwen sent plaintiff a new "Payoff Quote" claiming that plaintiff owed Ocwen the total sum of $9,290.95 including a "Prepayment Penalty – Curtailment" of $5,134.96.  A copy of that "Payoff Quote" is attached and incorporated as Exhibit 4. Contemporaneous with that payoff quote of April 15, 2013, Ocwen sent plaintiff bank routing instructions for payment which, among other things, said that Ocwen claimed that it had no duty to determine whether or not it was entitled to claim a prepayment penalty from plaintiff. (Ex. 4, p. 4, ¶10).

18.

On April 18, 2013 Ocwen sent plaintiff a new "Payoff Quote" claiming that plaintiff owed Ocwen the total sum of $4,922.18 including a "Prepayment Penalty – Curtailment" of

$5,267.95.  A copy of that "Payoff Quote" is attached and incorporated as Exhibit 5.

Contemporaneous with the fax transmittal of its new "Payoff Quote" of April 18, 2013, Ocwen

sent plaintiff bank routing instructions for payment which, among other things, said that Ocwen

claimed that it had no duty to determine whether or not it was entitled to claim a prepayment

penalty from plaintiff. (Ex. 5, p. 4, ¶10)

19.

On or about April 24, 2013 Laurie Wood, Senior Escrow Officer for Lawyers Title

Company which had been responsible for closing plaintiff's sale of the Property, sent a letter to

Ocwen by facsimile on plaintiff's behalf to dispute the amount Ocwen was then claiming

plaintiff owed it, including the prepayment penalty along with copies of documentation which,

again, established that plaintiff's sale had been to an unrelated third party such that Ocwen was

obligated to waive its claim to any prepayment penalty pursuant to the terms of the Prepayment

Penalty Addendum.  A copy of that letter is attached and incorporated as Exhibit 6.

20.

By letter dated May 31, 2013 Ocwen replied to Ms. Wood's letter disputing Ocwen's claims as

to plaintiff's continued indebtedness mistakenly asserting that Ms. Wood had expressed concern

on plaintiff's behalf "regarding the Short Sale on the aforementioned loan."  Neither Ms. Wood

nor plaintiff had ever discussed any "short sale" of property secured by a note held or serviced

by Ocwen.  A copy of Ocwen's letter of May 31 is attached and incorporated as Exhibit 7.

21.

On or about June 10, 2013 Ocwen notified plaintiff that Ocwen had purchased hazard insurance

against loss to the Property plaintiff had sold with coverage of $212,680.00, with an annual

premium of $2,821.00 and that the amount of that premium would be added to the principal

amount of his loan balance which had just been paid off on April 8, 2013 as described above.  A

copy of the insurance binder sent to plaintiff is attached and incorporated as Exhibit 8.

22.

On or about September 5, 2013 Ocwen sent plaintiff another "Payoff Quote" claiming that plaintiff remained indebted to Ocwen in the total sum of $7,978.42.  A copy of that Payoff Quote is attached and incorporated as Exhibit 9.

23.

Also on or about September 5, 2013 Ocwen sent plaintiff a response to Laurie Wood's letter of May 31, 2013 again asserting that there was a prepayment penalty due and owing from plaintiff to Ocwen in the principal sum of $5,307.99 and notifying plaintiff that Ocwen would be sending a new payoff quote.  A copy of that response is attached and incorporated as Exhibit 10.

24.

On or about September 6, 2013 Laurie Wood sent another letter to Ocwen in response to Exhibit 9 again notifying Ocwen that plaintiff had paid his loan off in full on April 8, 2013 and again providing Ocwen with documentation to substantiate plaintiff's conclusion that the loan had been paid in full.  A copy of Ms. Wood's letter of September 6, 2013 is attached and incorporated as Exhibit 11.

25.

On or about September 16, 2013 plaintiff, through his attorneys, wrote to Ocwen notifying Ocwen of its erroneous claims that plaintiff remained indebted to Ocwen.  A copy of that letter is attached and incorporated as Exhibit 12.

26.

On or about September 30, 2013 Ocwen sent plaintiff a "Payoff Quote" which, among other things, asserted that plaintiff owed Ocwen a prepayment penalty of $4,254.48.  A copy of that payoff quote is attached and incorporated as Exhibit 13.

27.

On or about and following October 22, 2013 plaintiff received written notices from
Chase, Bank of America, and American Express that they were reducing their extensions of
personal credit to him due to the adverse credit reports Ocwen had provided to credit reporting
agencies consisting of the defendants Experian, TransUnion and Equifax.

28.

On or about December 16, 2013 plaintiff gave written notice to the defendant TransUnion
that plaintiff disputed the report by Ocwen to TransUnion that plaintiff was indebted to Ocwen
and delinquent in making installment payments due on his debt.  A copy of the written notice
plaintiff sent to TransUnion is attached and incorporated as Exhibit 14.

29.

On or about December 16, 2013 plaintiff gave written notice to the defendant Experian
that plaintiff disputed the report by Ocwen to Experian that plaintiff was indebted to Ocwen and
delinquent in making installment payments due on his debt.  A copy of the written notice
plaintiff sent to Experian is attached and incorporated as Exhibit 15.

30.

On or about December 16, 2013 plaintiff gave written notice to the defendant Equifax
that plaintiff disputed the report by Ocwen to Equifax that plaintiff was indebted to Ocwen and
delinquent in making installment payments due on his debt.  A copy of the written notice
plaintiff sent to Equifax is attached and incorporated as Exhibit 16.

31.

On or about and between December 19, 2013 and December 20, 2013 the defendants
TransUnion, Experian and Equifax received plaintiff's notice of December 16, 2013 as

evidenced by Exhibit 17 attached and incorporated herein.

32.

In his written notice and accompanying documentation plaintiff provided to Equifax, Experian and TransUnion, plaintiff notified each of those credit reporting agencies of the specific basis on which plaintiff disputed Ocwen's claim against him: i.e., that Ocwen's claim to a prepayment penalty was contrary to the governing loan documents.

33.

Pursuant to 15 USC §1681e(b) Equifax, Experian and TransUnion were each, as a credit reporting agency, obligated to follow reasonable procedures to assure maximum possible accuracy of plaintiff's consumer history which each of those credit reporting agencies maintained and published.

34.

Pursuant to 15 USC § 1681i Equifax, Experian and TransUnion were each, as a credit reporting agency, obligated to conduct a reasonable investigation or a reasonable reinvestigation of information contained in their reports concerning plaintiff's consumer credit history.

35.

On information and belief plaintiff alleges that on their receipt of plaintiff's notice that he disputed the accuracy of Ocwen's report that plaintiff was indebted to Ocwen and delinquent in paying installments due on that indebtedness, the defendants Equifax, Experian and TransUnion notified Ocwen of plaintiff's dispute in accordance with the requirements of 15 USC §1681 et seq.

///

///

36.

On or about November 6, 2013 a Deed of Reconveyance releasing Ocwen's Deed of
Trust and acknowledging payment to Ocwen in full of all amounts due and owing to it pursuant
to plaintiff's promissory note was recorded in Multnomah County Oregon in Accordance with
ORS 86.720.  A copy of that Deed or Reconveyance is attached and incorporated as Exhibit 18.

**FIRST CLAIM FOR RELIEF AGAINST OCWEN ONLY**

**COUNT ONE – NEGLIGENT VIOLATION OF**

**15 USC§1681s-2(b)**

37.

Plaintiff realleges and restates paragraphs 1 – 36 above.

38.

Pursuant to 15 USC §1681s-2(b)(1) Ocwen, after receiving notice of plaintiff's dispute
from the defendants Equifax, Experian and TransUnion, was obligated to conduct a reasonable
investigation or a reasonable reinvestigation of plaintiff's dispute.

39.

Following its receipt of notice from the defendants Equifax, Experian and TransUnion
that plaintiff disputed the consumer credit information concerning plaintiff which Ocwen had
furnished to those credit reporting agencies, the defendant Ocwen failed to conduct a reasonable
investigation with respect to the information it received from those agencies concerning
plaintiff's dispute in compliance with the requirements of 15 USC§1681s-2(b)(1).

40.

The defendant Ocwen's failure to conduct a reasonable investigation was negligent in the
following respects and particulars:

///

10 - COMPLAINT

(a)     Ocwen failed to review the loan documents on which it based its claim to

a prepayment penalty and, in particular, failed to review the Prepayment

Penalty Addendum to plaintiff's loan documents;

(b)     Ocwen failed to review the documentation plaintiff repeatedly submitted

which proved that his prepayment on or about April 8, 2013 was the result

of an arms' length sale to an unrelated third party for purposes of the

Prepayment Penalty Addendum;

(c)     Ocwen had told the escrow officer responsible for closing plaintiff's sale

of the Property that Ocwen would waive the prepayment penalty in

accordance with the terms of the Prepayment Penalty Addendum on the

day when plaintiff's sale of the Property closed; and,

(d)     Ocwen failed to ascertain and to report that plaintiff had actually prepaid

his indebtedness prior to the scheduled date but, instead, exaggerated the

indebtedness and misrepresented the status of plaintiff's obligation to

Ocwen so as to materially misrepresent the status of plaintiff's account

history with Ocwen.

41.

As a direct result in fact of the defendant Ocwen's failure to conduct a reasonable

investigation of plaintiff's dispute, plaintiff suffered economic damages consisting of the costs of

credit reports and other expenses in an amount to be determined and proven at trial;

noneconomic damages consisting of emotional distress, anxiety, upset, damage to credit and to

reputation in an amount not less than $150,000.00; and, pursuant to 15 USC §1681o(a), plaintiff

is entitled to recover judgment against Ocwen in that amount together with plaintiff's costs of

this action including plaintiff's reasonable attorney fees as determined by the court.

## COUNT TWO – RECKLESS VIOLATION OF

## 15 USC §1681s-2(b)

42.

Plaintiff realleges and restates the allegations of paragraphs 1 – 41 above.

43.

The defendant Ocwen recklessly failed to conduct a reasonable investigation of plaintiff's dispute concerning the information Ocwen had provided to Equifax, Experian and TransUnion after those credit reporting agencies notified Ocwen of plaintiff's dispute about that information.

44.

Pursuant to 15 USC §1681n(a) plaintiff is entitled to recover his actual damages as hereinabove alleged but not less than $100.00; punitive damages in a sum not to exceed $450,000.00; together with plaintiff's costs of this action including his reasonable attorney fees as determined by the court.

## SECOND CLAIM FOR RELIEF AGAINST

## EQUIFAX ONLY

## COUNT ONE – NEGLIGENT VIOLATION OF

## 15 USC §1681e(b) and (i)

45.

Plaintiff realleges and restates paragraphs 1 – 44 above.

46.

Following its receipt of written notice from plaintiff that plaintiff disputed the status and history of his account with Ocwen as hereinabove alleged, the defendant Equifax failed to follow

reasonable procedures to assure the maximum accuracy of the information in its credit report as 15 USC §1681e(b) and (i) require by, among other things:

      (a)     Failing to conduct its own reinvestigation to determine the accuracy of the information obtained from Ocwen concerning plaintiff's credit history;

      (b)     Failing to review the loan documents on which Ocwen claimed that plaintiff owed any prepayment penalty to Ocwen;

      (c)     Failing to otherwise review and consider all relevant information submitted by plaintiff as required by 15 USC §1681i(a)(4); and,

      (d)     Failing to delete the adverse information from Ocwen after Equifax was unable to verify the accuracy of that information.

47.

As a direct result in fact of the defendant Equifax's failure to conduct a reasonable reinvestigation of plaintiff's dispute, plaintiff suffered economic damages consisting of the costs of credit reports and other expenses in an amount to be alleged and proven at trial; noneconomic damages consisting of emotional distress, anxiety, upset, damage to credit and to reputation in an amount not less than $150,000.00; and, pursuant to 15 USC §1681o(a), plaintiff is entitled to recover judgment against Equifax in that amount together with plaintiff's costs of this action including plaintiff's reasonable attorney fees as determined by the court.

## COUNT TWO – RECKLESS VIOLATION OF

## 15 USC §1681e(b) and (i)

48.

Plaintiff realleges and restates paragraphs 1 – 47 above.

///

///

13 - COMPLAINT

49.

The defendant Equifax was reckless in failing to comply with its obligations pursuant to 15 USC §1681e(b) and (i) as hereinabove alleged and plaintiff is therefore entitled to recover judgment against Equifax for plaintiff's damages  as hereinabove alleged but in no event less than $100.00; his costs of this action including reasonable attorney fees and determined by the court; and, punitive damages in a sum not to exceed $450,000.00 pursuant to 15 USC §1681n(a).

### THIRD CLAIM FOR RELIEF AGAINST

### EXPERIAN ONLY

### COUNT ONE – NEGLIGENT VIOLATION OF

### 15 USC §1681e(b) and (i)

50.

Plaintiff realleges and restates paragraphs 1 – 49 above.

51.

Following its receipt of written notice from plaintiff that plaintiff disputed the status and history of his account with Ocwen as hereinabove alleged, the defendant Experian failed to follow reasonable procedures to assure the maximum accuracy of the information in its credit report as 15 USC §1681e(b) and (i) require by, among other things:

     (a)    Failing to conduct its own reinvestigation to determine the accuracy of the information obtained from Ocwen concerning plaintiff's credit history;

     (b)    Failing to review the loan documents on which Ocwen claimed that plaintiff owed any prepayment penalty to Ocwen;

     (c)    Failing to otherwise review and consider all relevant information submitted by plaintiff as required by 15 USC §1681i(a)(4); and,

(d)    Failing to delete the adverse information from Ocwen after Experian was unable to verify the accuracy of that information.

52.

As a direct result in fact of the defendant Experian's failure to conduct a reasonable reinvestigation of plaintiff's dispute, plaintiff suffered economic damages consisting of the costs of credit reports and other expenses in an amount to be alleged and proven at trial; noneconomic damages consisting of emotional distress, anxiety, upset, damage to credit and to reputation in an amount not less than $150,000.00; and, pursuant to 15 USC §1681o(a) plaintiff is entitled to recover judgment against Experian in that amount together with plaintiff's costs of this action including plaintiff's reasonable attorney fees as determined by the court.

## COUNT TWO – RECKLESS VIOLATION OF

## 15 USC §1681e(b) and (i)

53.

Plaintiff realleges and restates paragraphs 1 – 52 above.

54.

The defendant Experian was reckless in failing to comply with its obligations pursuant to 15 USC §1681e(b) and (i) as hereinabove alleged and plaintiff is therefore entitled to recover judgment against Experian for plaintiff's damages  as hereinabove alleged but in no event less than $100.00; his costs of this action including reasonable attorney fees and determined by the court; and, punitive damages in a sum not to exceed $450,000.00 pursuant to 15 USC §1681n(a).

///

///

///

15 - COMPLAINT

## FOURTH CLAIM FOR RELIEF AGAINST

## TRANSUNION ONLY

## COUNT ONE – NEGLIGENT VIOLATION OF

## 15 USC §1681e(b) and (i)

55.

Plaintiff realleges and restates paragraphs 1 – 54 above.

56.

Following its receipt of written notice from plaintiff that plaintiff disputed the status and history of his account with Ocwen as hereinabove alleged, the defendant TransUnion failed to follow reasonable procedures to assure the maximum accuracy of the information in its credit report as 15 USC §1681e(b) and (i) require by, among other things:

(a)     Failing to conduct its own reinvestigation to determine the accuracy of the information obtained from Ocwen concerning plaintiff's credit history;

(b)     Failing to review the loan documents on which Ocwen claimed that plaintiff owed any prepayment penalty to Ocwen;

(c)     Failing to otherwise review and consider all relevant information submitted by plaintiff as required by 15 USC §1681i(a)(4); and,

(d)     Failing to delete the adverse information from Ocwen after TransUnion was unable to verify the accuracy of that information.

57.

As a direct result in fact of the defendant TransUnion's failure to conduct a reasonable reinvestigation of plaintiff's dispute, plaintiff suffered noneconomic damages consisting of emotional distress, anxiety, upset, damage to credit and to reputation in an amount not less than $150,000.00 and pursuant to 15 USC §1681o(a) plaintiff is entitled to recover judgment against

16 - COMPLAINT

TransUnion in that amount together with plaintiff's costs of this action including plaintiff's reasonable attorney fees as determined by the court.

## COUNT TWO – RECKLESS VIOLATION OF

## 15 USC §1681e(b) and (i)

58.

Plaintiff realleges and restates paragraphs 1 – 57 above.

59.

The defendant TransUnion was reckless in failing to comply with its obligations pursuant to 15 USC §1681e(b) and (i) as hereinabove alleged and plaintiff is therefore entitled to recover judgment against TransUnion for plaintiff's damages as hereinabove alleged but in no event less than $100.00; his costs of this action including reasonable attorney fees and determined by the court; and, punitive damages in a sum not to exceed $450,000.00 pursuant to 15 USC §1681n(a).

WHEREFORE:  Plaintiff prays for judgment as follows:

1.    Against the defendant Ocwen in the sum of $150,000.00 noneconomic damages; for plaintiff's economic damages in an amount to be alleged and proven at trial consisting of the costs of credit reports and other expenses; for punitive damages in the sum of $450,000.00; and for plaintiff's costs of this action including his reasonable attorney fees on plaintiff's first claim for relief;

2.    Against the defendant Equifax in the sum of $150,000.00 noneconomic damages; for plaintiff's economic damages in an amount to be alleged and proven at trial consisting of the costs of credit reports and other expenses; for punitive damages in the sum of $450,000.00; and for plaintiff's costs of this action including his reasonable attorney fees on plaintiff's second claim for relief;

17 - COMPLAINT

3.      Against the defendant Experian in the sum of $150,000.00 noneconomic damages; for plaintiff's economic damages in an amount to be alleged and proven at trial consisting of the costs of credit reports and other expenses; for punitive damages in the sum of $450,000.00; and for plaintiff's costs of this action including his reasonable attorney fees on plaintiff's third claim for relief; and,

4.      Against the defendant TransUnion in the sum of $150,000.00 noneconomic damages; for plaintiff's economic damages in an amount to be alleged and proven at trial consisting of the costs of credit reports and other expenses; for punitive damages in the sum of $450,000.00; and for plaintiff's costs of this action including his reasonable attorney fees on plaintiff's fourth claim for relief.

DATED this 13th day of March, 2014.

HUNT & ASSOCIATES, PC

/s/ Lawrence B. Hunt
Lawrence B. Hunt, WSBA No. 15791
Of Attorneys for Plaintiff
Email:  lbh@huntpc.com

Trial Attorneys:      Lawrence B. Hunt, WSBA No. 15791
Kevin J. Tillson, WSBA No. 39137