Lawrence B. Hunt, OSB No. 751871
lbh@huntpc.com
Kevin J. Tillson, OSB No. 034774
tillson@huntpc.com
HUNT & ASSOCIATES, PC
101 SW Main Street, Suite 805
Portland, OR 97204
(503) 226-1162
(503) 223-5442 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **RUSSELL B. NELSON, JR.,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**OCWEN LOAN SERVICING, LLC,** a Delaware limited liability company; **EQUIFAX INFORMATION SERVICES, LLC,** a Georgia limited liability company; **EXPERIAN INFORMATION SOLUTIONS, INC.,** an Ohio corporation; and, **TRANS UNION, LLC,** a Delaware limited liability company;<br><br>      **Defendants.** | Case No. 3:14-cv-419<br><br>**PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT TRANS UNION'S FRCP 12(b)(6) MOTION TO DISMISS**<br><br>**ORAL ARGUMENT REQUESTED** |

**I**

**INTRODUCTION**

Defendant Trans Union claims that the Court should dismiss plaintiff's claims against it pursuant to FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. This Memorandum will briefly demonstrate why Trans Union's motion lacks both legal and factual merit.

///

1 – PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT TRANS UNION'S FRCP 12(b)(6) MOTION TO DISMISS

II

LEGAL ANALYSIS

A.    Summary of Argument

Plaintiff asserts claims against Trans Union for failure to conduct a reasonable investigation of the information it had received from defendant Ocwen concerning plaintiff's credit history after plaintiff notified Trans Union that the information it had received from Ocwen was materially false and misleading.  Specifically, Ocwen claimed that plaintiff had defaulted on a credit obligation and was more than 120 days in arrears when, in fact, plaintiff had demonstrably paid that debt in full several months previously.

The Fair Credit Reporting Act ("FCRA"), 15 USC §1681(e)(b) and (i), required Trans Union to conduct a reasonable investigation and reinvestigation of the information it received from Ocwen after plaintiff notified Trans Union of both the nature and basis of his dispute with that information.  Trans Union's failure to conduct such an investigation and reinvestigation render it liable under FCRA for the resulting injuries plaintiff suffered.

Plaintiff's dispute with Ocwen was a factual dispute which 15 USC §1681(e)(b) and (i) required Trans Union to reasonably investigate.  Trans Union's 12(b)(6) motion contends that plaintiff's dispute with Ocwen was a purely legal argument which Trans Union had no statutory duty under FCRA to investigate or even acknowledge in its report.   Trans Union's argument disregards the holding and logic of earlier cases which are directly on point.  It is consequently necessary to deny Trans Union's motion to dismiss.

///

///

///

B.  Legal Standard

As Judge Simon recently stated in *Broomfield v. HSBC Bank Nevada,* 2014 U.S.Dist. LEXIS 4451 (D. Or. 2014) at p. 1 - 3:

> A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.,* 622 F.3d 1035, 1041 (9th Cir. 2010). . . . All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Newcal Indus. V. Ikon Office Solution,* 513 F.3d 1038, 1043 n. 2 (9th Cir. 2008). . .
>
> A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." [citation omitted] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

C.  Plaintiff's Fair Credit Reporting Act Claims against Trans Union

Plaintiff alleges that Trans Union is a credit reporting agency as defined in 15 USC §1681(a)(p) of FCRA. (*Complaint,* ¶8). FCRA imposes two distinct obligations on credit reporting agencies such as Trans Union: (1) to "follow reasonable procedures to assure maximum possible accuracy" of consumer reports (15 USC §1681e(b)); and, (2) to "conduct a reasonable reinvestigation" of information contained in a consumer report once that information is disputed by a consumer (15 USC §1681i). *See Saenz v. Trans Union, LLC,* 621 F.Supp.2d 1074, 1079 (D. Or. 2007).

"*Section 1681e(b)* of FCRA requires the credit reporting agency to 'follow reasonable procedures to assure maximum possible accuracy of the information' in the consumer reports it prepares." *Thomas v. Trans Union LLC*, 197 F.Supp.2d 1233, 1237 (D. Or. 2002). "If a

3 – PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT TRANS UNION'S FRCP 12(b)(6) MOTION TO DISMISS

consumer's report contains an inaccuracy, the CRA [Credit Reporting Agency] may be held liable only if it failed to follow reasonable procedures." *Bradshaw v. BAC Home Loans Servicing LP,* 816 F.Supp.2d 1066, 1071 (D. Or. 2011). Whether a credit reporting agency followed reasonable procedures is generally a question of fact for the jury to decide. *Id.*

In order to state a claim under 15 USC §1681 a plaintiff must allege that: (1) their credit file contains inaccurate or incomplete information; (2) plaintiff notified the credit reporting agency directly of the inaccuracy; (3) the dispute is not frivolous or irrelevant; (4) defendant failed to respond to the dispute; and, (5) defendant's failure to respond caused plaintiff to suffer damages. *Id.* at 1073. Again, while the reasonableness of a defendant credit reporting agency's reinvestigation is a defense, it is also a jury question. *Id.*

The key to a credit reporting agency's liability under FCRA ". . . is tied to the reasonableness of an investigation rather than the accuracy of its results." *Drew v. Equifax Information Services, LLC,* 690 F.3d 1100, 1110 (9th Cir. 2012). While there is no liability for an accurate report, *Carvalho v. Equifax Information Services, LLC,* 629 F.3d 876, 892 (9th Cir. 2010), a credit reporting agency is only liable for an inaccurate report if the inaccuracy results from the agency's failure to implement and follow reasonable procedures to promote accuracy or to conduct a reasonable investigation or reinvestigation after it receives a consumer's complaint. *Gorman v. Wolpoff & Abramson, LLP,* 584 F.3d 1147, 1161 (9th Cir. 2009).

### III

### SUMMARY OF ALLEGATIONS GERMANE TO TRANS UNION'S MOTION

Plaintiff's Complaint alleges specific facts giving rise to his claim.

Defendant Ocwen was the successor beneficiary of a trust deed encumbering property plaintiff owned in Multnomah County, Oregon. (*Complaint,* ¶¶10 – 12). On April 8, 2013

plaintiff sold that real property and paid Ocwen $217,491.76 from escrow, the full balance owing on the note which that trust deed secured. (*Id.* ¶¶13 – 15, Ex. 3). A deed of reconveyance releasing Ocwen's deed of trust against the property plaintiff sold was recorded on or about November 6, 2013. (*Id.* ¶36, Ex.18).

After the sale of plaintiff's real property had closed, defendant Ocwen sent various written statements claiming that plaintiff was still indebted to it. (*Id.* ¶¶17, 18, 22, 23, 26). On June 10, 2013 Ocwen notified plaintiff that it had purchased hazard insurance against loss to the property plaintiff had sold with coverage of $212,680.00 and that it was adding the premium Ocwen paid for that insurance, $2,821.00, to the loan which plaintiff had actually paid off when the sale of that property had closed. (*Id.* ¶21).

After the sale of plaintiff's property closed, the escrow officer responsible for closing that sale repeatedly wrote to Ocwen explaining how and why Ocwen had received full satisfaction of plaintiff's indebtedness from that sale. (*Id.* ¶¶19, 24).

On December 16, 2013 plaintiff gave written notice to defendant Trans Union that plaintiff disputed the report by Ocwen to Trans Union that plaintiff was indebted to Ocwen and delinquent in making installment payments due on the debt to Ocwen that plaintiff had fully paid in April when he sold the property. (*Id.* ¶¶28, 31, 32, Ex. 14).

The Complaint then alleges that defendant Trans Union subsequently failed to fulfill its statutory obligation to conduct a reasonable investigation in negligent (Count One) or reckless violation of 15 USC §1681e(b) and (i), (Count Two), to plaintiff's economic and noneconomic damage. (*Id.* ¶¶55 – 59). Plaintiff alleges that Trans Union's failure to fulfill its investigatory obligations resulted in its failure to delete the adverse information Ocwen provided concerning plaintiff's credit history which was false. (*Id.* ¶¶28, 32, Ex. 14).

If the court decides that plaintiff should plead his claim against defendant Trans Union with greater specificity, plaintiff can allege that as of January 7, 2014, after plaintiff's December 16, 2013 written notice of dispute, Trans Union falsely reported plaintiff's credit as then being delinquent by more than 120 days for nonpayment of a balance then owing to Ocwen of $13,217.00 which was also the amount reported then as past due and that Trans Union failed to follow reasonable procedures to assure the accuracy of that report and failed to conduct a reasonable reinvestigation of that report after plaintiff notified Trans Union of his dispute. (*Nelson Declaration* ¶¶1, 3, Ex. 1).

## IV

## PLAINTIFF'S ALLEGATIONS AGAINST TRANS UNION ARE SUFFICIENT

Plaintiff's Complaint specifically alleges the factual basis for his FCRA claims against Trans Union: that he notified Trans Union of the reasons why and how the credit history Ocwen had reported to Trans Union was inaccurate because plaintiff had paid Ocwen everything that Ocwen was owed and that Ocwen itself was giving plaintiff inconsistent and contradictory information. Plaintiff even provided the documentary basis for his dispute of Ocwen's claim. (*Complaint,* ¶¶28, 32, Ex. 14). This case is thus factually similar to cases in which courts have denied summary judgment to credit reporting agencies such as Trans Union: e.g., *Bradshaw, supra; Saenz, supra.*

In *Bradshaw* the court held that plaintiffs' FCRA claims against the defendant credit reporting agencies survived summary judgment where plaintiffs alleged that the defendants had not complied with FCRA's requirements to follow reasonable procedures to ensure maximum possible accuracy in plaintiffs' credit report and to fulfill their reinvestigation duties. In *Bradshaw,* plaintiffs had notified defendants that, contrary to their creditor's report, plaintiffs

had punctually satisfied their monthly mortgage obligation and their creditor had been providing plaintiffs with inconsistent and false information. 816 F.Supp. at 1072. The court found that the reasonableness of defendants' procedures, whether the defendants followed those procedures, and whether the agencies conducted reasonable reinvestigations were all fact questions which survived summary judgment. *Id.* at 1073.

In *Bradshaw* the credit reporting agency defendants relied on the same argument that Trans Union makes for its 12(b)(6) motion in this case: i.e., that plaintiff's dispute with Ocwen is a legal, not a factual dispute. As it did unsuccessfully in *Bradshaw,* Trans Union relies on the holding in *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876 (9th Cir. 2010) that FCRA does not obligate a credit reporting agency to resolve legal disputes between a consumer and its creditor. *Id*. at 891. Like *Bradshaw,* this case is factually distinguishable from *Carvalho. Bradshaw,* 816 F.Supp.2d at 1071 – 1072.

In *Carvalho,* the plaintiff conceded that all of the data in her credit report was correct and the only inaccuracy in that report was *latent*; i.e., her claim that she wasn't legally obligated to pay the debt at issue until the creditor had properly billed her insurer. *Id.* That is not this case. *Corvalho* is factually distinguishable in the same respects from both *Bradshaw* and this case. *Bradshaw,* 816 F.Supp.2d at 1071 - 1072.

In this case, as in *Bradshaw,* the inaccuracy in the report is patent and can be determined by reference to the same sort of documentary records that prevented summary judgment for the credit reporting agencies in *Bradshaw*. *Id.* That is, plaintiff in this case, just like the plaintiffs in *Bradshaw,* alleges that he informed Trans Union that he'd fully paid the debt, that he'd received inconsistent information and notices from Ocwen since he'd made that full payment, that the sale of the real property securing his debt to Ocwen had closed (which would have been unlikely if

7 – PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT TRANS UNION'S FRCP 12(b)(6) MOTION TO DISMISS

Ocwen's security interest was still of record), and that he'd given Trans Union the documentary basis for his claim that full payment had been made; including the "Prepayment Penalty Addendum" to plaintiff's loan documents. (*Complaint,* ¶28, Ex.14 p. 9). As the court observed in *Saenz, supra* at 1083, ". . . where a reporting agency is affirmatively on notice that information received from a creditor may be suspect, it is not reasonable for the agency simply to verify the creditor's position without additional investigation."

Trans Union's assertion that it can't be liable for patent mistakes of law overstates the governing precedents. In fact, the Ninth Circuit has specifically held that a credit reporting agency can be liable under FCRA ". . . when it overlooks or misinterprets documents in a court file." *Dennis v. BEH – 1, LLC,* 520 F.3d 1066, 1068 – 1069 (9th Cir. 2008). In the present case, plaintiff isn't alleging a mistake of law by Trans Union but, instead, bases his claims on Trans Union's negligent or reckless failure to perform its FCRA duties. (*Complaint,* ¶¶55 – 59).

**V**

**REQUEST FOR LEAVE TO AMEND**

As noted above, if the court believes that the complaint requires additional allegations concerning the inaccuracies in Trans Union's credit report after plaintiff notified Trans Union of his dispute with Ocwen, plaintiff requests leave to file an amended complaint containing such allegations.

As indicated in plaintiff's declaration in opposition to Trans Union's FRCP 12(b)(6) motion, a careful reading of Trans Union's investigative report of January 8, 2014 is largely inconsistent with Ocwen's claim that the account was delinquent.

///

///

8 – PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT TRANS UNION'S FRCP 12(b)(6) MOTION TO DISMISS

## VI

## CONCLUSION

Plaintiff's complaint does allege sufficient facts to state claims under FCRA against Trans Union. Accordingly, Trans Union's motion should be denied.

## CERTIFICATION

This brief complies with the applicable word-count limitation under LR 7-2(b) and 26-3(b) because it contains 2,132 words, including headings, footnotes, and quotations, but excluding the caption, signature block, and any certificates of counsel.

DATED this 15th day of April, 2014.

            HUNT & ASSOCIATES, PC

            /s/ Lawrence B. Hunt
            Lawrence B. Hunt, OSB No. 751871
            Of Attorneys for Plaintiff
            Email: lbh@huntpc.com

Trial Attorneys:    Lawrence B. Hunt, OSB No. 751871
            Kevin J. Tillson, OSB No. 034774