Lawrence B. Hunt, OSB No. 751871
lbh@huntpc.com
Nathan Piers-VanderPloeg, OSB No. 114914
npv@huntpc.com
HUNT & ASSOCIATES, PC
101 SW Main Street, Suite 805
Portland, OR  97204
(503) 226-1162
(503) 223-5442 fax
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **RUSSELL B. NELSON, JR.,**<br><br>                    **Plaintiff,**<br><br>     **v.**<br><br>**OCWEN LOAN SERVICING, LLC,** a Delaware limited liability company; **EQUIFAX INFORMATION SERVICES, LLC,** a Georgia limited liability company; **EXPERIAN INFORMATION SOLUTIONS, INC.,** an Ohio corporation; and, **TRANS UNION, LLC,** a Delaware limited liability company;<br><br>                    **Defendants.** | Case No. 3:14-cv-419<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT TRANS UNION'S MOTION TO AMEND OPINION & ORDER TO INCLUDE CERTIFICATION FOR INTURLOCUTORY REVIEW UNDER 28 U.S.C. § 1292(b) AND TO STAY PROCEEDINGS** |

## <u>INTRODUCTION</u>

Plaintiff's Complaint asserts a claim against the defendant Trans Union pursuant to 15 U.S.C. §1681e(b) and (i) of the Fair Credit Reporting Act ("FCRA").  Defendant Trans Union, LLC (hereinafter "Trans Union") moved to dismiss plaintiff's claim against it pursuant to *F.R.C.P. 12(b)(6)* arguing that plaintiff failed to state a claim on which relief could be granted. (Doc. #10).  That motion was denied.  (Doc. #29).

///

1 – **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT TRANS UNION'S MOTION TO AMEND OPINION & ORDER**

Trans Union now moves this court for an order amending its *Opinion & Order* denying Trans Union's *F.R.C.P. 12(b)(6)* motion, certifying the legal issue addressed and resolved in that *Opinion & Order* for interlocutory appeal, and staying this litigation pending disposition pending that interlocutory appeal.  (Doc. #31).

Trans Union's written argument in support of this latest motion misstates the central legal issue which the court addressed in its *Opinion & Order* denying Trans Union's motion to dismiss. Trans Union's argument fails to recognize the critical factual distinctions between this case and those on which Trans Union would have the court rely.  Finally, Trans Union's assertions that there is an adequate legal basis for certification for interlocutory review under *28 U.S.C. §1292(b)* don't survive analysis.  In short, Trans Union's present motion must be denied.

## **ARGUMENT**

Trans Union's argument fails to establish the essential requisites for certification of an interlocutory appeal pursuant to *28 U.S.C. §1292(b)* which creates an exception to the general rule of finality which disfavors interlocutory appeals.  That general rule, stated in  *28 U.S.C. §1291*, provides that only after a final judgment concluding a case is entered does the appellate court have subject matter jurisdiction permitting its review of all issues arising during litigation in the district court.  *Metabolic Research, Inc. v. Ferrell,* 693 F.3d 795 (9th Cir. 2012).  Among other things, that general rule promotes judicial economy by restricting piecemeal appeals during the course of litigation in the district court.  To that end, *28 U.S.C. §1292(b)* requires the district court to first determine in its discretion whether an interlocutory appeal from a particular ruling is appropriate, thereby establishing "a screening procedure" to ensure ". . . that such review will be confined to appropriate cases and avoiding time-consuming jurisdictional determinations in the court of appeals."  *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 474-475, 98 S.Ct. 2454, 57

L.Ed.2d 351 (1978).  As the Court noted in *Coopers*:

> ". . . even if the district judge certifies the order under *§1292(b)*,
>
> the appellant still 'has the burden of persuading the court of
>
> appeals that exceptional circumstances justify a departure from the
>
> basic policy of postponing appellate review until after entry of a
>
> final judgment.' *Fisons, Ltd. V. United States,* 458 F.2d 1241,
>
> 1248 (CA7 1972).  The appellate court may deny the appeal for
>
> any reason, including docket congestion." *Coopers & Lybrand,*
>
> 437 U.S. at 475.

For a district court to certify an order for interlocutory appeal under *28 U.S.C. § 1292(b)*, the court must find that each of the following conditions are met: (1) that there is a controlling question of law; (2) that there is substantial ground for difference of opinion on that controlling issue; and, (3) that resolution from granting an immediate appeal of the legal question could materially advance the ultimate termination of the litigation. *28 U.S.C. § 1292(b).*  These three conditions are ". . . jurisdictional prerequisites for *section 1292(b)* review. . . ." *In re Cement Antitrust Litig*., 673 F.2d 1020, 1026 (9th Cir. 1982).  As the party seeking certification for an interlocutory appeal, Trans Union has the burden of showing that all three of these conditions are met in order to be granted the appeal.  See *Couch v. Telescope Inc.,* 611 F.3d 629, 633 (9th Cir. 2010).  Trans Union does not satisfy even one of these three conditions to an interlocutory appeal pursuant to *28 U.S.C. §1291(b).*

///

///

///

A.   **THE COURT'S OPINION & ORDER DENYING TRANS UNION'S MOTION TO DISMISS DOES NOT CLEARLY PRESENT A CONTROLLING QUESTION OF LAW FOR INTERLOCUTORY APPEAL.**

The Ninth Circuit has explained that all that must be shown for a question of law to be controlling is that "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.,* supra at 1026.

Trans Union asserts in its motion that the sole and controlling legal question at issue for which it seeks interlocutory appeal is:

> ". . . whether the Ninth Circuit's unambiguous holding in
> Carvalho that a CRA [Credit Reporting Agency] is not required as
> part of its reinvestigation duties to provide a legal opinion on the
> merits does not apply to what this Court described as, 'an
> unremarkable transaction governed by standard forms and
> boilerplate terms requiring little, if any, legal analysis." *See*
> Defendant Trans Union's Motion to Amend Opinion & Order
> [Doc. No. 31], pp. 6.

That summary by Trans Union materially misstates the substance of both the court's *Opinion & Order* denying Trans Union's motion to dismiss and the gist of Trans Union's present motion for interlocutory appeal.  It also disregards the court's lengthy analysis of Trans Union's argument for applying *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876 (9th Cir. 2010), in this case which the court acknowledged was ". . . compelling in its simplicity, . . ." though unpersuasive on the facts of this case considered in the context of the purposes of the *Fair Credit Reporting Act* and other more analogous precedents.  *Opinion & Order (Doc. #29)* p. 8.

///

**4 – PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT TRANS UNION'S MOTION TO AMEND OPINION & ORDER**

The Court's *Opinion & Order* denying Trans Union's F.R.C.P. 12(b)(6) motion did not question or contradict the Ninth Circuit's holding in *Carvalho v. Equifax,* 629 F.3d 876 (9th Cir. 2010) as Trans Union contends.  On the contrary, the court thoroughly discussed and rejected Trans Union's claim that *Carvalho's* facts were materially indistinguishable and thus its holding was legally applicable and controlling in deciding to deny Trans Union's motion to dismiss. *Opinion & Order* (Doc. #29), p. 5-8.

The court's *Opinion & Order* denying Trans Union's motion to dismiss accurately described the material factual and legal differences between *Carvalho* and this case.  In *Carvalho* the plaintiff did not contest the validity or amount of the underlying debt but only whether they or their insurance company was responsible for paying it.  That is, the plaintiff in *Carvalho* ". . . argued unsuccessfully that her report was latently misleading because she was not legally obligated to pay the bill." *Ibid.* at 6.  In contrast, the plaintiff in this case alleges, ". . . that his report was factually inaccurate and patently misleading because he never owed the amount shown." *Id.*

In denying Trans Union's motion to dismiss, the court specifically noted Trans Union's apparent inability to explain its failure to locate the publicly recorded deed of reconveyance documenting the satisfaction of plaintiff's debt to Ocwen.  That fact was materially different from any fact in *Carvalho* and, as the court noted, rendered this case more factually and legally similar to cases such as *Saenz v. Trans Union, LLC,* 621 F.Supp.2d 1074 (D. Or. 2007); *Bradshaw v. BAC Home Loans Servicing LP,* 816 F.Supp.2d 1066 (D. Or. 2011); and *Dennis v. BEH-1, LLC,* 520 F.3d 1066 (9th Cir. 2008).  *Opinion & Order (Doc. #29)* p. 6-10.

In short, the court's reasoning in denying Trans Union's motion to dismiss harmonized the holding in *Carvalho* with other applicable precedents.  Trans Union's purported statement of

the "controlling legal issue" that it claims justifies interlocutory review of the court's denial of its motion to dismiss simply insists that the court erred by not stretching *Carvalho* beyond its facts to essentially overrule those other precedents which, like the present case, were both factually different and legally distinguishable from *Carvalho*.

The central issue concerning Trans Union's liability is the reasonableness of its investigation and the objective likelihood that a reasonable investigation would have disclosed facts putting Trans Union on notice that the information in its report was materially inaccurate. Those are, of course, factual issues.

        **B.**      **THERE IS NEITHER A DIFFERENCE OF OPINION REGARDING THE CONTROLLING QUESTION OF LAW NOR DOES THE OPINION & ORDER CONTRADICT EXISTING CASE LAW.**

In *Couch v. Telescope Inc.,* supra at 633, the Ninth Circuit defined the governing principles the district court should implement in deciding whether "a substantial ground for difference of opinion" exists under *§1292(b)* as follows:

> "To determine if a 'substantial ground for difference of opinion'
> exists under *§1292(b),* the courts must examine to what extent the
> controlling law is unclear.  Courts traditionally will find that a
> substantial ground for difference of opinion exists where 'the
> circuits are in dispute on the question and the court of appeals of
> the circuit has not spoken on the point, if complicated questions
> arise under foreign law, or if novel and difficult questions of first
> impression are presented.' 3 Federal Procedure, Lawyers Edition
> 3:212 (2010) (footnotes omitted).  However, 'just because a court
> is the first to rule on a particular question or *just because counsel*

> *contends that one precedent rather than another is controlling*
>
> *does not mean there is such a substantial difference of opinion as*
>
> *will support an interlocutory appeal.' Id.* (footnotes omitted)."
>
> (emphasis added)

Of course, Trans Union's only argument for granting interlocutory appeal from the court's *Opinion & Order* denying its motion to dismiss is that the court should have read the Ninth Circuit's holding in *Carvalho* as Trans Union wanted, thereby ignoring other precedents which the court found more factually analogous and legally compelling.  In short, Trans Union's argument for interlocutory appeal pursuant to *28 U.S.C. §1292(b)* is legally inadequate to support such review in light of the Ninth Circuit's holding in *Couch.*

Trans Union cites numerous cases which, it claims, buttress its argument that "overwhelming authority exists" supporting its claim that the court should have granted its motion to dismiss.  *Defendant Trans Union, LLC's Motion to Amend Opinion & Order to Include Certification for Interlocutory Review Under 28 U.S.C. §1292(b) and to Stay Proceedings and Memorandum in Support (Doc. # 31)* (hereinafter *"Trans Union's Motion for Interlocutory Appeal"*) p. 9-10.  Unfortunately, a review of those cases discloses that, contrary to Trans Union's contention, they are either wholly unrelated to any issue in this case or else simply supportive of the court's analysis in its *Opinion & Order*.  In other words, those cases simply don't support Trans Union's arguments.

For instance, Trans Union cites the district court's opinion in *Marshall v. City of Portland,* 2004 U.S. Dist. LEXIS 8764 at *20 concerning whether a difference of opinion exists to support an interlocutory appeal and the proper role of a CRA.  *Trans Union's Motion for Interlocutory Appeal*, (Doc. # 31) p. 5, 9.  However, *Marshall* was a case in which the plaintiffs

brought claims for excessive use of force and wrongful death against the City and certain police officers. *Marshall* at *2.  In *Marshall*, Magistrate Stewart ruled on plaintiffs' motion for judgment as a matter of law and motion for new trial as well as on defendants' motion for an award of costs following trial. *Id.*  Nowhere in the *Marshall* opinion that Trans Union cites is there any discussion of credit reporting agencies or of the *Fair Credit Reporting Act*.

In a similar vein, Trans Union cites numerous cases which it mischaracterizes as "supporting the conclusion that a CRA is not required to arbitrate purely legal disputes." *Trans Union's Motion for Interlocutory Appeal,* (Doc. # 31) p. 9.  By and large those cases do not, in fact, address whether a CRA must arbitrate purely legal disputes but, regardless, that isn't the critical issue on which the court denied Trans Union's F.R.C.P. 12(b)(6) motion in this case: i.e., whether a reasonable investigation by Trans Union would have disclosed Ocwen's recorded release of its security agreement and acknowledgment that plaintiff's debt had been satisfied.

Most of those cases Trans Union cites hold, instead, that a Credit Reporting Agency has no liability under the FCRA where there is no inaccuracy in its reported information or where a "reasonable investigation" would not have disclosed any error in the report.  Those decisions are thus consistent with this Court's *Opinion & Order*, p. 8, which noted Trans Union's inability to explain why a reasonable reinvestigation by Trans Union wouldn't have discovered the publicly recorded deed of reconveyance whereby Ocwen's security interest in plaintiff's real property had been released more than 30 days before plaintiff's notice that he disputed the continued claim that he was in arrears to Ocwen.

Those cases Trans Union cites do not support its position because the error in its report concerning plaintiff was objectively patent and would have been discovered if Trans Union had glanced at the public record in the course of a reasonable investigation.  In short, the *Opinion &*

*Order* denying Trans Union's F.R.C.P. 12 (b)(6) motion was consistent with the cases Trans

Union now cites: *Cahlin v. General Motors Acceptance Corporation,* 936 F.2d 1151, 1160 (11th

Cir. 1991) ("No reasonable investigation on the part of CBI could have uncovered any

inaccuracy in *Cahlin's* report because there was never any factual deficiency in the report.");

*Johnson v. Trans Union, LLC,* 2012 U.S. Dist. LEXIS 38747 (E.D. Ill. 2012) at *14 ("Johnson

has submitted no competent evidence indicating that he did not, in fact, owe the child support

listed on his credit reports. For that reason alone, Defendants are entitled to judgment on

Johnson's claims."); *Prianto v. Experian Information Solutions, Inc.,* 2014 U.S. Dist. LEXIS

94673 (N.D. Cal. 2014) at *17 (holding that a CRA is not liable for violating FCRA, citing

*Carvalho,* 629 F.3d at 891, where the plaintiff did not dispute the existence or the amount of the

debt as reported; i.e., the report was patently accurate); *Gauci v. Citi Mortgage,* 2012 U.S. Dist.

LEXIS 60153 (C.D. Cal. 2012) at *13 (holding that the credit reporting agency had no liability

where the report was patently accurate and plaintiff only alleged a latent inaccuracy); *Okocha v.

Trans Union LLC,* 2011 U.S. Dist. LEXIS 39998 (E.D. N.Y. 2011) at *16 (credit reporting

agencies entitled to summary judgment where FCRA plaintiff produced no evidence that reports

were inaccurate); *Chiang v. Verizon New England, Inc.,* 595 F.3d 26, 30 (1st Cir. 2010)

(summary judgment to furnisher on FCRA claims because plaintiff couldn't point to any factual

issues to support a claim that the furnisher's investigation was unreasonable or that there were

factual inaccuracies in the furnisher's report that would have been reasonably detected by a

reasonable investigation); *Deandrade v. Trans Union LLC,* 523 F.3d 61, 68 (1st Cir. 2008) (a

CRA's report is accurate where it does not state any factual deficiency that could have been

resolved by a CRA's reasonable investigation.); and, *Wickstrom v. Experian,* 2010 U.S. Dist.

LEXIS 65477 (W.D. Mich. 2010) (whether another party was jointly liable on plaintiff's credit

card was not a factual inaccuracy that could be resolved by the CRA's reasonable investigation).

As the court noted in its *Opinion & Order*, p. 8-9, the material facts of this case most closely resemble those in *Dennis*, in which the court specifically held that a credit reporting agency can be liable under FCRA ". . . when it overlooks or misinterprets documents in a court file." *Dennis*, 520 F.3d at 1068-1069.

### C.    IMMEDIATE RESOLUTION OF THIS QUESTION OF LAW WOULD <u>NOT</u> MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION.

The third and final condition to a district court's discretionary authorization of an interlocutory appeal and stay of proceedings under *28 U.S.C. § 1292(b)* is a determination that such an appeal and stay will materially advance the ultimate termination of the litigation.  The Ninth Circuit has held that this condition may be satisfied if resolving the legal question submitted for interlocutory review "may appreciably shorten the time, effort, or expense of conducting a lawsuit."  *In re Cement Antitrust Litig.* 673 F.2d at 1027.  The factor is not met if staying an entire case pending the interlocutory appeal would delay the litigation of unaffected claims for months or longer.  *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 U.S. Dist. Lexis 147492, at *14 (N.D. Cal., Oct. 12, 2012).

Of course, in the present case appellate review of Trans Union's motion to dismiss will not resolve plaintiff's claims against Ocwen.  If granted, Trans Union's interlocutory appeal would substantially impede and delay the litigation of plaintiff's claims against Ocwen which would fester on hold until any interlocutory appeal is resolved.

Trans Union requests the Court to certify its *Opinion & Order* for interlocutory appeal on an issue that will have no bearing on the outcome of the litigation.  The determinative issue in this case concerning Trans Union's liability to plaintiff is whether Trans Union conducted a reasonable investigation to determine the accuracy of the information it received from Ocwen.

More specifically, the critical issue is whether a reasonable investigation would have disclosed the satisfaction of plaintiff's debt to Ocwen by, among other things, revealing to Trans Union the recorded deed of reconveyance whereby Ocwen had released its security interest in the property Plaintiff had sold.

Trans Union claims that a finding from the court of appeals that it is not a CRA's responsibility to arbitrate legal disputes between a consumer and creditor would resolve all remaining issues as to Trans Union; however, that statement again fails to address the *Opinion & Order* as a whole.  As the court stated on page 10 of its *Opinion & Order*, Trans Union's argument does not explain why its reinvestigation did not uncover the deed of reconveyance that showed satisfaction of plaintiff's debt to Ocwen.  This fact precludes automatic resolution of all claims even if Trans Union succeeds in its proposed appeal.  Therefore, it is highly improbable that an interlocutory appeal will materially advance the termination of the lawsuit.

Trans Union also requests a stay on the current proceedings pending the disposition of the interlocutory appeal.  Not only does the issue that Trans Union presents for interlocutory appeal have no bearing on the claims against defendant Ocwen, but a stay would nonetheless significantly delay the litigation of plaintiff's claims against Ocwen.  Trans Union also fails to meet its burden of showing that an appeal and stay would materially advance the ultimate termination of the litigation.

## <u>CONCLUSION</u>

Trans Union has failed in its burden to demonstrate that the required conditions to certification of an interlocutory appeal pursuant to of 28 U.S.C. § 1292(b) are satisfied.  There is no clear controlling question of law; there is not a colorable difference of opinion on any controlling question of law; and, granting the interlocutory appeal would not materially advance

**11 – PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT TRANS UNION'S MOTION TO AMEND OPINION & ORDER**

the ultimate termination of this case.  On the contrary, granting a stay as requested by Trans

Union would unfairly delay other claims unrelated to the issue which preoccupies Trans Union.

Trans Union's motion should therefore be denied in its entirety.

DATED this 1st day of August, 2014.

HUNT & ASSOCIATES, PC


/s/ Lawrence B. Hunt
Lawrence B. Hunt, OSB No. 751871
Of Attorneys for Plaintiff

Trial Attorneys:    Lawrence B. Hunt, OSB #751871
                    Nathan Piers-VanderPloeg, OSB #114914