IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUSSELL B. NELSON,

        Plaintiff,

    v.

OCWEN LOAN SERVICING, LLC,
EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
and TRANS UNION, LLC

        Defendants.

No. 3:14-cv-00419-HZ

OPINION & ORDER

Lawrence B. Hunt
Nathan Piers-VanderPloeg
Hunt & Associates, PC
101 SW Main Street, Suite 805
Portland, OR 97204

    Attorneys for Plaintiff

1 - OPINION & ORDER

William M. Huse
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077

Nicholas J. Henderson
Motschenbacher & Blattner, LLP
117 SW Taylor Street, Suite 200
Portland, OR 97204

  Attorneys for Defendant Trans Union, LLC

HERNÁNDEZ, District Judge:

  Currently before the court is Defendant Trans Union's Motion to Amend Opinion & Order [29] to Include Certification for Interlocutory Review Under 28 U.S.C. § 1292(b) and to Stay Proceedings [31]. The motion is denied because Trans Union failed to establish a substantial difference of opinion over a controlling issue of law that would support an interlocutory appeal in this case.

## BACKGROUND

  Plaintiff Russell Nelson brings this action against Ocwen Loan Servicing, LLC ("Ocwen"), and the three major consumer credit reporting agencies ("CRA"), Equifax, Experian, and Trans Union, for violations of the Fair Credit Reporting Act ("FCRA"). Nelson's claims arose out of a 2008 loan Nelson secured for a duplex in Portland, Oregon. Nelson sold the property on April 8, 2013 and remitted to the note holder, Ocwen, the full payoff amount of $217,491.76. Ocwen claimed, however, that Nelson owed a prepayment penalty of $5,134.96, despite an addendum to the note waiving such a penalty if Nelson provided notice and documentation that he was paying the full amount after selling the property to a third party.

  Nelson and Ocwen battled for months about the penalty. Sometime before October, 2013,

Ocwen reported the outstanding prepayment penalty as an adverse item to the three major CRAs. On or about November 6, 2013, Multnomah County recorded a Deed of Reconveyance acknowledging Nelson had paid the entire amount due on the promissory note and releasing Ocwen's Trust Deed on the property. Nelson filed disputes about the Ocwen debt with the CRAs on December 16, 2013.

The CRAs, Nelson claims, failed to conduct an adequate investigation into the dispute, failed to review the loan documents and other information he submitted, and failed to delete the adverse item after the CRAs could not verify its accuracy. Nelson filed this suit and accused the CRAs of violating Sections 1681e(b) and 1681i of FCRA, which require CRAs follow reasonable procedures to assure maximum accuracy of consumer credit reports, and conduct a reasonable reinvestigation into disputed debts. 15 U.S.C §§ 1681e(b) and 1681i (2014). Nelson also brought FCRA claims against Ocwen as a furnisher of credit information for failing to conduct a reasonable investigation after receiving notice of his dispute from the CRAs.

This court denied Trans Union's Motion to Dismiss for Failure to State a Claim [10] on June 23, 2014. Trans Union now seeks certification for interlocutory appeal of that decision pursuant to 28 U.S.C. § 1292(b) and asks this court to stay proceedings pending that appeal.

DISCUSSION

The party seeking certification for interlocutory appeal must show 1) there is a controlling question of law; 2) there is substantial ground for difference of opinion on that controlling issue; and 3) resolution of the interlocutory appeal could materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); In re Cement Antitrust Litig. (MDL No. 296), 673 F.2d 1020, 1026 (9th Cir. 1982), aff'd, 459 U.S. 1190 (1983). The party seeking interlocutory review bears the burden of showing these three requirements are met. Couch v.

3 - OPINION & ORDER

Telescope, Inc., 611 F.3d 629, 633 (9th Cir. 2010). Section 1292(b) is a "departure from the normal rule that only final judgments are appealable," and is construed narrowly. Barrer v. Chase Bank, USA, N.A., No. 06-cv-415-HA, 2011 WL 1979718 at *3 (D. Or. May 18, 2011) (quoting James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002)). Certifications for interlocutory review are reserved for "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litig., 673 F.2d at 1026.

Trans Union argues that there is substantial ground for difference of opinion whether Opinion & Order [29] "directly contradicts the Ninth Circuit's holding in Carvalho v. Equifax, et al., 629 F.3d 876 (9th Cir. 2010) . . . that a credit reporting agency is not responsible to resolve a legal dispute between a consumer and his creditor." Def. Trans Union Motion [31] at 2. That is not a controlling question in this case. See Barrer, 2011 WL 1979718 at *4 (explaining that "[a] question of law is controlling under § 1292(b) if resolving the question on appeal could materially affect the outcome of the litigation in the district court.") (citing In re Cement Litig. 673 F.2d at 1026). As the court explained in its Opinion & Order [29], this case is distinct from Carvalho because Nelson alleges that his credit report was factually inaccurate, i.e. he never owed the amount shown. Ms. Carvalho's dispute was legal in nature because she asserted a legal defense to payment of a debt she admitted was valid. When Mr. Nelson notified Trans Union in December of 2013 of the problem with his credit report, there was no dispute, legal or otherwise, between him and the creditor (Ocwen) about the validity of the debt—a Deed of Reconveyance was recorded in November of 2013 releasing Ocwen's security interest in the property at issue.

Trans Union's argument on this point echoes the arguments it advanced at the motion to dismiss. In denying that motion, the court analyzed Carvalho, found it factually distinguishable

from Mr. Nelson's case, and applied other, more analogous and compelling cases to reach its decision. See Opinion & Order [29] at 6–10 (citing Saenz v. Trans Union, LLC, 621 F.Supp.2d 1074 (D. Or. 2007); Bradshaw v. BAC Home Loans Servicing, LP, 816 F.Supp.2d 1066 (D. Or. 2011); Dennis v. BEH-1, LLC, 520 F.3d 1066 (9th Cir. 2008)). Trans Union's contention that "one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." Couch, 611 F.3d at 633 (quotation omitted).

Although "neither § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation," a party seeking interlocutory appeal must at least show that resolving the question on appeal "may materially advance" the litigation. Reese v. BP Exploration (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011) (citing 28 U.S.C. § 1292(b)). Trans Union's proposes the following question for interlocutory appeal: whether "a CRA must determine the relative merits or a purely legal dispute when that dispute is based upon a 'form,' or 'boilerplate' language." Def. Trans Union Motion [31] at 12. Not only does that question mischaracterize this Court's Opinion & Order [29] but, more importantly, resolving that question would not materially advance the outcome of this case.

As explained above, the dispute in this case was not legal in nature. The mere existence of a contract does not transform a dispute between a creditor and consumer into a legal one, or relieve Trans Union of its "grave responsibilities", 15 U.S.C. § 1681(a)(4), to ensure accurate consumer credit information. This case, despite Trans Union's efforts to convince the Court otherwise, is distinct from Carvalho because Mr. Nelson established that his credit report was factually incorrect. An interlocutory appeal aimed at answering Trans Union's proposed question does not change that fact and thus would not materially advance the outcome of this litigation.

CONCLUSION

Because Defendant Trans Union failed to establish any of the three elements required to certify an issue for interlocutory appeal, its Motion to Amend Opinion & Order [29] to Include Certification for Interlocutory Review Under 28 U.S.C. § 1292(b) and to Stay Proceedings [31] is denied.

IT IS SO ORDERED.

Dated this 15 day of Sept, 2014.

/s/ Marco A. Hernandez
MARCO A. HERNÁNDEZ
United States District Judge